FITZ and CORDELL *vs.* H. A. H. LAWSON.

L. purchased the lands in question at a sale made by the trustees of the Union Bank of Mississippi, who were appointed on pronouncing judgment of forfeiture against said bank; and the bank having, about the year 1840, made an assignment of its assets to S., C., and E., for the purpose of paying the debts of said corporation. J. B. M., who was a debtor to said bank in 1840, conveyed said land to the assignees in payment of his debt, and after the judgment of forfeiture against the bank, the assignees surrendered the assets of the bank and every thing connected with it, to the trustees appointed by the court, who, treating the lands as part of the assets of the bank, sold them at public sale, when L. became the purchaser. *Held*, that the title to L. is valid, as made by the trustees.

ON appeal from the superior court of chancery; Hon. Charles Scott, chancellor.

H. A. H. Lawson filed his bill, showing that Fitz entered and received patents for lands in Issaquena, and conveyed them to J. B. Morgan. That in 1841, Morgan conveyed them to the assignees of the Mississippi Union Bank for some $17,000, as shown by his deed C. made part of the bill.

That prior to said deed the bank had assigned all its effects to assignees, " for the benefit of its creditors and stockholders." And said assignees were then the holders of the notes of said Morgan, which were paid to him for said land. That the equitable title to said lands thereby became vested in said bank, and was part of its assets.

That afterward, proceedings of *quo warranto* were had against the bank, judgment of forfeiture and seizure entered, and certain persons appointed and qualified as trustees. Said assignees delivered said assets, including patents and deed, to said trustees; and said trustees sold said lands to complainant under the " Torrey " act of 1846, and made him a deed, &c. After said deed to said assignees, Fitz or Morgan sold to Cordell in part, and to John W. Fitz in part. Cordell had notice of the equity of the bank. That Fitz and Morgan or Cordell caused the lands to be sold for taxes, but the sale was not conformable to law, and is voidable.

H. prays a conveyance of legal title from Scott and Clifton, the surviving assignees of the bank, and that tax deed be vacated, &c.

The deed to complainant conveys to him but the interest of the bank in the lands. Fitz and Cordell filed a demurrer to the bill, which was overruled by the court, and they appealed.

*Potter*, for appellants.

*E. G. Henry*, for appellee.

Mr. Justice FISHER delivered the opinion of the court.

This is an appeal from a decree of the superior court of chancery, overruling a demurrer to the complainant's bill.

The complainant purchased the lands in question at a sale made by the trustees appointed by the circuit court of Hinds county, on pronouncing judgment of forfeiture against the Mississippi Union Bank.

The facts are briefly these. The bank, about the year 1840, made an assignment of her assets to Scott, Clifton, and Elliott, for the purpose of paying the debts of said corporation. J. B. Morgan, who was a debtor of the bank to the amount of about $17,000, in November, 1840, conveyed the land to these assignees in payment of his debt. After the judgment of forfeiture against the bank, the assignees surrendered the assets of the bank, the title papers to this land, and all other matters in their hands, to the trustees appointed by the court.

These trustees, treating the lands as part of the assets of the bank, sold them at public sale, when the complainant became the purchaser.

The question to be decided is, whether the complainant, by such purchase, acquired a good title in equity as against Morgan or his vendee, having notice of the conveyance to Scott, Clifton, and Elliott.

It is clear that the bank held a complete equitable title to the land, for it was sold by the assignees exclusively for her benefit. They held merely the naked legal title, for the purpose of con-

verting the land into money, with a view of paying the debts of the bank.

When they renounced the trust, and surrendered the assets to the trustees appointed by the court, the latter became fully invested with all the equities of the bank, and might do and perform all acts which the corporation could have performed if no judgment of forfeiture had been pronounced, among which, the power to sell the land may be enumerated.

Decree affirmed.

A petition for a reargument of this case was filed by the appellants, but the court refused to grant a reargument.